UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

_____

**HIRA BHURA**,

          Plaintiff,

vs.

**PLAZA SERVICES, LLC**, a South Dakota limited liability company, and **JOHN DOES,**

          Defendants.

_____

**CLASS ACTION COMPLAINT**

Civ. No.

Trial by Jury is Demanded

NOW INTO COURT, comes Plaintiff, HIRA BHURA (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all others similarly situated, and hereby brings this consumer class action against Defendant, PLAZA SERVICES, LLC and JOHN DOES (hereinafter referred to as "DEFENDANTS") for violations of the Fair Debt Collection Practices Act ("FDCPA") and in support thereof alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Eastern District of Texas.

### PARTIES

3. PLAINTIFF is a natural person residing in Plano, Texas.

1

4. At all times material hereto, PLAINTIFF and each member of the class were "consumers" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

5. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

6. DEFENDANT PLAZA SERVICES, LLC is a South Dakota limited liability company with its principal office at 110 Hammond Drive, Suite 110, Atlanta, GA 30328.

7. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT PLAZA SERVICES, LLC regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. John Does are individuals or businesses employed by or affiliated with PLAZA SERVICES, LLC and engaged in the business of collecting debt and regularly attempt to collect debt alleged to be due another by use of the mail and telephone and are "debt collectors" within the meaning of 15 U.S.C. §1692a(6).

9. At all times relevant hereto the Defendants attempted to collect alleged debts from Ms. Bhura and each member of the purported class, whereby such alleged debts were incurred for personal, family or household purposes.

10. Defendants are entities who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

11. At all times relevant herein, each of the Defendants were, and are now, the agent,

servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants.

12. Any reference hereinafter to "Defendants", without further qualification, is meant by Plaintiff to refer to each Defendant named above..

## STATEMENT OF FACTS

13. Plaintiff Hira Bhura repeats, re-alleges, and incorporates by reference, the paragraphs above.

14. Ms. Bhura obtained a payday loan from Check into Cash.

15. Upon her alleged default of the loan, Check into Cash sold the account to Defendant Plaza Services, LLC.

16. Thereafter, Defendant Plaza Services, LLC on its own behalf and through its agents sought to collect the debt.

17. Beginning around December of 2019, Defendants began sending text messages to Ms. Bhura and her family. True and correct copies of the text messages are attached hereto as Exhibit 1.

18. Defendants' first text states: "Hi Hira Bhura is this still your phone number?" *Id*.

19. When Ms. Bhura responded, "Yes," "Who is this?" she was texted "Please call me today Hira Bhura its vital that I speak to you." *Id*.

20. Ms. Bhura was also texted, "Hira Bhura there is a crucial matter to discuss please call today." *Id*.

21. None of the text messages notified Ms. Bhura that the communication is from a debt collector, in an attempt to collect a debt and that any information obtained will be used for that purpose. 15 U.S.C. §1692e(11).

22. None of the text messages notified Ms. Bhura of the name of the collection company.

23. Confused about who was texting her, Ms. Bhura called the number in the text messages.

24. Ms. Bhura was notified that Defendants were trying to collect the Check into Cash account.

25. When Ms. Bhura requested a collection letter she was hung up on.

26. Ms. Bhura then contacted Check into Cash to find out what was going on.

27. She was notified that Check into Cash sold her account to Defendant Plaza Services, LLC.

28. Ms. Bhura never received a communication from the Defendants notifying her of her 15 U.S.C. §1692g rights, including the right to dispute and request verification of the debt.

## **DEFENDANTS' ROUTINE PRACTICES**

29. It is and was the routine policy and practice of Defendants to send text messages in the form of Exhibit 1 to individuals at Texas addresses that failed to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and/or failed to disclose in subsequent communications that the communication is from a debt collector.

## CLASS ALLEGATIONS

30. This action is brought on behalf of a class of similarly situated persons defined as (i) all persons at a Texas address (ii) to whom Defendants sent text messages which failed to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose (iii) and/or failed to disclose in subsequent communications that the communication is from a debt collector (iv) which were not returned as un deliverable (v) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendants' or the creditors' records (vi) during the one year period prior to the filing of this lawsuit.

31. Based on Defendants' routine use of text messages, as described above, the class is so numerous that joinder of all members is impractical.

32. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal legal question is whether Defendants' use of text messages in the form of Exhibit 1 violate 15 U.S.C. §1692e(11).

33. Plaintiff's claims and those of the class are based on the same facts and legal theories.

34. Plaintiff will fairly and adequately represent the interests of the class members.

35. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

37. Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

(a)     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I – CLASS CLAIM
## VIOLATION OF THE FDCPA 15 U.S.C. §1692e(11)

38.     Plaintiff repeats, re-alleges, and incorporates by reference, the paragraphs set forth above.

39.     The FDCPA requires debt collectors "to disclose in the initial written communication with the consumer…that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. §1692e(11).

40.     The FDCPA further requires the debt collector "to disclose in subsequent communications that the communication is from a debt collector." *Id*.

41.     Beginning around December of 2019, Defendants began sending text messages to Ms. Bhura and her family. See Exhibit 1.

42.     Defendants' first text states: "Hi Hira Bhura is this still your phone number?" *Id*.

43.     When Ms. Bhura responded, "Yes," "Who is this?" she was texted "Please call me today Hira Bhura its vital that I speak to you." *Id*.

44.     Ms. Bhura was also texted, "Hira Bhura there is a crucial matter to discuss please call today." *Id*.

45.     None of the text messages notified Ms. Bhura that the communication is from a debt collector, in an attempt to collect a debt and that any information obtained will be used for that purpose. 15 U.S.C. §1692e(11).

46. None of the text messages notified Ms. Bhura that the communication is from a debt collector.

47. None of the text messages notified Ms. Bhura of the name of the collection company.

48. Confused about who was texting her, Ms. Bhura called the number in the text messages.

49. Ms. Bhura was notified that Defendants were trying to collect the Check into Cash account.

50. When Ms. Bhura requested a collection letter she was hung up on.

51. Ms. Bhura then contacted Check into Cash to find out what was going on.

52. She was notified that Check into Cash sold her account to debt purchaser Defendant Plaza Services, LLC.

53. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

54. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## COUNT II – INDIVIDUAL CLAIM

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(a)

55. PLAINTIFF repeats, re-alleges, and incorporates by reference, all paragraphs set forth above.

56. "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained

in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)

57. Beginning around December of 2019, Defendants began sending text messages to Ms. Bhura and her family. See Exhibit 1.

58. None of the text messages provided her the information required under 15 U.S.C. §1692g(a).

59. When Ms. Bhura requested a §1692g(a) notice, she was hung up on.

60. Ms. Bhura never received a §1692g(a) notice.

61. As a result of the FDCPA violations by Defendants, Plaintiff is entitled to an award of statutory damages.

62. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

63. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) To certify PLAINTIFF'S claims as a class action pursuant FRCP 23;

(2) To Designate PLAINTIFF as the class representative and designate undersigned counsel as class counsel;

(3) To enter judgment that the practices complained of herein are unlawful under the FDCPA and that DEFENDANTS violated the rights of PLAINTIFF and the class under the FDCPA;

(4) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(5) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(6) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

(7) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(8) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(9) For any and all other relief this Court may deem appropriate.

Dated: March 29, 2020

                Respectfully Submitted,

                **GESUND & PAILET, LLC**

                /s/ Keren E. Gesund

                KEREN E. GESUND
                LA SBN 34397
                1400 Preston Road, Suite 400
                Plano, TX 75093
                Tel: 702-300-1180
                Fax: (504) 265-9492
                keren@gp-nola.com
                *Attorney for Plaintiff*